UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No.: 22CR00084-001(PJS)

| | |
|---|---|
| UNITED STATES OF AMERICA,         Plaintiff, v. Nicholas James Bell,         Defendant. | DEFENDANT'S POSITION WITH RESPECT TO SENTENCING FACTORS |

Defendant Anthony Nicholas James Bell, by and through undersigned counsel, hereby states his position with respect to sentencing factors.

## I.  BACKGROUND

The Defendant was charged with felon in possession of a machine gun in violation of 18 U.S.C. §§ 922(o), 924(a). July 22, 2022, Mr. Bell pled guilty to the one and only count in the indictment.

## II.  OFFENSE LEVEL CALCULATIONS

### A.  BASE OFFENSE LEVEL                                                        18

The parties agree that the base offense level is 18. U.S.S.G. §2K2.1 with no aggravating factors. No other offense characteristics apply.

### B.  ACCEPTANCE OF RESPONSIBILITY                                    (-3)

The defendant entered a timely plea, has met with probation and disclosed all facts relevant to the offense Therefore the Defendant is entitled under U.S.S.G.§3E1.1(a) to a three level reduction for acceptance of responsibility.

### C.  ADJUSTED OFFENSE LEVEL                                              15

With a base offense level of 18, and a 3 level for reduction for acceptance of responsibility, the adjusted offense level would be 15.

### III.   CRIMINAL HISTORY CATEGORY

Under U.S.S.G. §4A1.3 (b), "if reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted."

According to the pre-sentence report Kemp's criminal history category is II. The defense believes and will argue that the Defendant's criminal history is overstated. His offenses deal with possession of marijuana possession which he has used to combat his traumatic brain injury he sustained in a train accident. The court can see that he has no other violent offenses nor does the Defendant have a lengthy criminal history. Defense there for believes that he should be sentenced at a category I.

### IV.   GUIDELINE CALCULATION

With an adjusted offense level of 15 and adjusting the criminal history category to I, the resulting guideline range is 18 to 24 months. This comports with the plea agreement.

### V.   THE APPROPRIATE SENTENCE

The Guidelines are now but one of seven statutory factors to weigh when formulating a sentence. United States v. Booker, 125 S. Ct. 738 (2005); 18 U.S.C. § 3553. In *Booker*, the Supreme Court held that the mandatory manner in which the Guidelines required courts to impose sentencing enhancements based on facts found by the court, by a preponderance of the evidence, violated the Sixth Amendment to the Constitution. The Supreme Court remedied the constitutional violation by

severing two statutory provisions, 18 U.S.C. § 3553(b)(1) (requiring sentencing courts to impose a sentence within the applicable Guideline range), and 18 U.S.C. § 3742(e) (setting forth appellate standards of review for Guideline issues), thereby making the Guidelines advisory. Booker, 125 S.Ct. at 756-57. Although the Guidelines are no longer mandatory, *Booker* makes clear that a sentencing court must still "consult [the] Guidelines and take them into account when sentencing." Booker, 125 S.Ct. at 767. But the analysis does not mechanically end there.

Next, the court must "determine whether a sentence within that range ... serves the factors set forth in § 3553(a) and, if not, select a sentence [within statutory limits] that does serve those factors." Gall v. United State 552 U.S., 38, 128 S.Ct. 586, 169 LEd2d 445 (2007) ; United States v. Moreland, 437 F.3d 424 (4th Cir. 2006); United States v. Green, 436 F.3d 449, 455, 4th Cir. 2006). In making this determination, the court should first look to whether a departure is appropriate based on the Guidelines or relevant case law, and, if an appropriate basis for departure exists, the district court may depart. Id.; United States v. Rybicki, 96 F.3d 754 (4th Cir. 1996).

**§3553(a) Factors**

**The nature and circumstances of the offense and the history and characteristics of the defendant.**

Mr. Bell has been through set of circumstances that are extraordinary. His upbringing and living through violence at home has been his norm. He still lives with his mother and is undergoing therapy for his injuries and his post-traumatic stress disorder. A the time Mr. Bell was working as a security guard. Since being charged with the offense Mr. Bell lost his job but found another. He has been out of custody and remained under supervision with no violations. Mr. Bell continues to embark on pro-social activities and has remained crime free. The defendant's past criminal history is fairly

minor and does not depict an individual who is likely to reoffend. He has strong family ties and the support of his mother and siblings. Thus a departure may be warranted under U.S.S.G.§5H1.6. First, the Defendant's medical condition presents an individual with a traumatic brain injury and a severed foot. He suffers from anxiety and other mental health issues related to PTSD that affect him daily.

**The need to provide the defendant with needed educational or vocational training, medical care, or other corrective treatment in the most effective manner:**

The Defendant has an ongoing relationship with a Nystrom and Associates and that has provided him with treatment for PTSD and depression. This should continue. A prison sentence will prohibit this from continuing. Moreover, his foot injury is severe. He has had multiple surgeries and while his prognosis is guarded, a prison sentence would inhibit the relationship he has with his current doctors. The Defendant's ongoing crime free behavior and amenability to vocational training outside of prison is another factor that should be considered. What is present in this defendant is someone who is productive and positive and his current treatment should be continued. Probation would be the most effective manner to ensure that his mental health treatment continues without interruption.

### Nature and circumstance of the offense.

The current offense involved possession of a "switch". An auto sear that makes a semi-automatic fully automatic. In his car while on his way to work a 9mm handgun with an extended magazine was found after a search. This firearm belonged to his sister's boyfriend who is now deceased (from gun violence). The Defendant knew it was in there and he took responsibility for it. It was not used in connection with any other crime nor is there any evidence that he even fired it. Several other auto sears were recovered from his home. Apparently these were plastic and ordered from China.

There is an epidemic of gun violence among today's youth. This is sparked in part by rap or "drill" culture. Drill is a form of rap music where the rappers glorify gang violence, drugs, and guns, specifically switches. I have seen many young African American men be swept up by the hype of this culture. It is all too common. Defense agrees with probation that Mr. "Bell's lack of incarceration experience suggests that a sentence above the advisory guideline range of imprisonment may not be necessary in this case". See PSR Pg. 16 ¶ 89.

There is no evidence that Mr. Bell either used or sold the switches in question. He had a permit to carry a firearm. Once confronted by police he assented to a search and was completely cooperative. He was on his way to work when he was stopped. While the officer noted the smell of marijuana as his reason for searching the vehicle, there were no drugs found in the car. He presented no resistance or danger to the officers who arrested him..

## IX. CONCLUSION

For the above-stated reasons, the Defense respectfully requests that this honorable court sentence Mr. Bell to probation.

Respectfully Submitted,

RIVERS LAW FIRM, P.A.

Date 11-21-2022

By _____
Bruce Rivers (Atty. ID# 282698)
Attorney For Defendant
701 Fourth Ave. South, Suite 300
Minneapolis, Minnesota 55415
Telephone:   (612) 339-3939
Facsimile:   (612) 332-4003